UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| IN THE MATTER OF THE SEARCH OF ) <br> INFORMATION ASSOCIATED WITH ) <br> [REDACTED]@MAC.COM THAT IS STORED ) <br> AT PREMISES CONTROLLED BY APPLE, INC. ) <br> ) <br> _____ ) | No. 14-MC-228 (JMF) |

**MOTION FOR LEAVE TO FILE BRIEF *AMICUS CURIAE***
**OF ELECTRONIC FRONTIER FOUNDATION**

The Electronic Frontier Foundation requests this Court permit it to file an *amicus curiae* brief to defend the order entered by Magistrate Judge Facciola denying the government's requested search warrant in this *ex parte* appeal by the government. Counsel for the government does not object to the filing of an amicus brief provided it does not delay the proceedings.

**INTEREST OF *AMICUS CURIAE***

The Electronic Frontier Foundation ("EFF") is a member-supported civil liberties organization working to protect innovation, free speech, and privacy in the networked world. With more than 30,000 dues-paying members nationwide, EFF represents the interests of technology users in both court cases and in broader policy debates surrounding the application of law in the digital age. As part of its mission, EFF has served as counsel or *amicus* in landmark privacy cases including, among others, *United States v. Warshak*, 631 F.3d 266 (6th Cir. 2010), which dealt with the Fourth Amendment's application to email. *See also United States v. Jones*, 132 S. Ct. 945 (2012); *City of Ontario v. Quon*, 560 U.S. 746 (2010); *United States v. Jones*, 908 F. Supp. 2d 203 (D.D.C. 2012).

EFF seeks leave to file this *amicus* brief because it raises critical questions about the application of the Fourth Amendment to emerging technologies. This case comes to the Court

with an unusual procedural posture, arising from the denial of the government's *ex parte* request for a search warrant to obtain emails from Apple.  Given the *ex parte* nature of the proceeding, no party appeared before Judge Facciola to oppose the government's request and as a result, in the appeal presently before this Court, there is no party to counter the government's arguments or to defend in part or in whole Judge Facciola's opinion.  Thus, EFF seeks leave to appear as *amicus* in order to give the Court an experienced, informed view of both the technology and the underlying constitutional issues involved here.

      EFF is well equipped to serve that role.  It has previously served as an *amicus* in *ex parte* proceedings before both the district and circuit courts where there is no party to counter the government's arguments.  *See, e.g., In re Application of U.S. for Historical Cell Site Data*, 724 F.3d 600 (5th Cir. 2013) (*amicus* before the magistrate, district and circuit court); *In re Application of U.S. for an Order Directing a Provider of Electronic Communication Service to Disclose Records to the Government*, 620 F.3d 304 (3d Cir. 2010) (same); *In re Sealed Case*, 310 F.3d 717 (Foreign Int. Surv. Ct. Rev. 2002) (*amicus* before the Foreign Intelligence Surveillance Court of Review).  That also includes serving as an *amicus* in a case involving the underlying issue here: the judiciary's role in supervising electronic searches in order to ensure those searches do not become unconstitutional "general searches."  *See In re Search Warrant*, 71 A.3d 1158 (Vt. 2012), *cert denied* 133 S. Ct. 2391 (2013).  EFF can file its amicus brief within fourteen (14) days of this Court issuing an order permitting it to appear as an *amicus*.

      For these reasons, EFF respectfully request this Court permit it to file an *amicus* brief, countering the arguments raised by the government in its appeal.

Pursuant to D.D.C. Local Rule 7(m), counsel for *amicus* has discussed this brief with counsel for the government over email.  Nathan Judish, Senior Counsel for the Department of Justice, stated the following via email:

> Although the United States would not oppose the filing of an amicus brief in this matter by EFF or anyone else, we oppose any motion that would delay the District Court's resolution of this matter.  As we noted in the resubmission of our warrant to the District Court, we are asking the District Court to expedite its review of our application for a search warrant.  The issues raised in our resubmission affect not only this criminal investigation, but other ongoing criminal investigations as well.  We do not believe the District Court should delay its decision in this ex parte matter in order to provide additional time for the submission of an amicus brief.

DATED:  May 2, 2014                              Respectfully submitted,


                                                     */s/ Nathan Cardozo*
Nathan Cardozo (DC SBN 1018696)
ELECTRONIC FRONTIER FOUNDATION
815 Eddy Street
San Francisco, CA 94109
Tel. (415) 436-9333
Fax (415) 436-9993
nate@eff.org

Counsel for *Amicus Curiae*
Electronic Frontier Foundation